Filed 3/3/23  In re K.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E078356 |
| Plaintiff and Respondent, | (Super. Ct. No. J280865) |
| v. | OPINION |
| K.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Charles J. Umeda, Judge.  Dismissed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

When he was 12 years old, K.M. (minor) stole a vehicle and, while its owner was still hanging from it, sped and crashed. Minor admitted the allegations that he committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and that he personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). After 16 failed placements, the juvenile court ordered minor committed to a secure youth treatment facility (SYTF). He subsequently appealed, arguing the juvenile court abused its discretion in committing him to a secure facility without considering less restrictive alternatives.

On September 20, 2022, we withdrew our initial tentative opinion and granted minor's motion to file a supplemental brief. In his supplemental brief, minor argued the matter should be remanded for a new dispositional hearing because Assembly Bill No. 200 recently amended Welfare and Institutions Code[1] section 875 to require that a juvenile be 14 years of age or older in order to be committed to SYTF. The People conceded minor was correct about his age but asserted the new legislation presumptively applies prospectively only.

After we issued a second tentative opinion in this matter, on February 9, 2023, minor's appellate counsel filed a letter indicating minor had been terminated from

---

[1] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

probation on December 16, 2022, and that his juvenile matter was dismissed and minor was placed in the custody of his father in Texas.  Due to this new information, we will dismiss the appeal as moot because minor's juvenile matter has been dismissed and the issue he raises while capable of repetition is not likely to evade review.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Minor has a history with the juvenile court system as a dependent and delinquent minor.  After his removal from parental custody at the age of five, minor had been in 16 different placements (11 group home placements, four foster family agency placements, and one relative home placement) due to his defiant and incorrigible behaviors.  Some of these behaviors included being caught with alcohol and marijuana, absconding from placements, assaulting others, destroying property, stealing a golf cart, refusing to attend school for over a year, and threatening to shoot up a school.  Attempts had also been made to place minor in the homes of his paternal and maternal grandparents.  Minor had been involuntarily committed and prescribed numerous psychotropic medications.  He had been diagnosed with Attention Deficit Hyperactive Disorder, Post-Traumatic Stress Disorder, and Generalized Anxiety.  He also has an extensive history of running away, using marijuana, consuming hard liquor on a daily basis, and using cocaine.  He had been a victim of a sexual assault, and has a history of using sexual favors for drugs.

3

Minor first encountered the delinquency system when he was 12 years old after he stole a vehicle in April 2019. He was granted summary probation in May 2019, after he admitted to driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and receiving stolen property (Pen. Code, § 496d, subd. (a)) as alleged in the section 602 petition. Minor was not declared a ward and released back to the custody of child protective service (CPS). In July 2019, minor was continued on summary probation after he admitted to committing vandalism (Pen. Code, § 594, subd. (b)). Minor again was not declared a ward of the court and replaced in his group home.

While on probation and within two months, minor committed other serious offenses in Kern County. Specifically, on August 16, 2019, at approximately 1:00 a.m., minor broke into an ice cream shop, stole the till from the cash register, and started smashing it on the asphalt in the middle of a road. After a nearby resident yelled at him, minor ran to a vehicle, entered it, and attempted to steal it. The owner of the vehicle, K.B., who had left her keys in the ignition, ran to the vehicle and reached through the open driver door window with both arms to stop minor from taking the vehicle. However, minor "quickly accelerated while turning and [with] [K.B.'s] upper torso still partially inside the vehicle." As minor drove away at a high rate of speed, he lost control of the vehicle and crashed into a raised median, causing the vehicle to flip and K.B. to tumble from it. "The vehicle rolled over [K.B.] before coming to a stop." As a result, K.B. "suffered a fracture to her right ulna, and minor abrasions to her arms."

4

On August 19, 2019, a third section 602 petition was filed, charging minor with carjacking (Pen. Code, § 215, subd. (a); count 1), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 2); and second degree burglary (Pen. Code, § 459/460; count 3). In the commission of counts 1 and 2, the petition also alleged that minor personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). Minor admitted to count 2, as well as the attendant great bodily injury enhancement. The matter was subsequently transferred to San Bernardino County where he was a dependent minor.

On October 3, 2019, minor was declared a ward of the court and placed on formal probation in a suitable placement facility. Pending placement, minor was ordered to remain in juvenile hall. While in juvenile hall, minor struggled to be compliant, was disrespectful with staff and peers, had issues with structure, and refused to listen or attend school. By January 2020, due to his incorrigible behavior, minor had been rejected from 10 different placement facilities.

After the probation officer convinced a placement facility to accept minor and also spoke to minor about his behavior, minor was eventually placed in a group home on February 6, 2020. However, four days later, minor left his placement, and on February 11, 2020, a violation of probation petition and a warrant for minor's arrest were filed. Minor, who was 13 years old at the time, was found in Los Angeles County on February 13, 2020. Minor admitted to violating probation and was continued as a ward of the court.

On April 30, 2020, minor was transported to a group home in Michigan. On May 14, 2020, two weeks after arriving, minor was removed the group home by the probation department due to the "the programs inability to assure the safety and appropriate care of the youth," a COVID-19 outbreak, "and other issues at the placement." The probation officer reported that minor and all the other California minors were returned to California following the murder of a youth at the facility by a staff member, which minor had witnessed.

Eight days after minor's arrival in San Bernardino County, on May 22, 2020, minor was placed in another group home in Upland. However, within a few days, minor left the group home without permission, and a probation violation petition and an arrest warrant were filed. The petition alleged that minor had left the facility without permission, he had failed to obey the rules by threatening to use a knife, he had failed to participate in making a safety plan, and he had tampered with facility's video cameras.

Minor was eventually arrested about three months later on August 12, 2020, and admitted to violating the terms of his probation. He was continued as a ward and ordered placed in a suitable foster care facility. Meanwhile, minor was placed in juvenile hall, where he again struggled with defiance issues but had also been commended for positive behavior.

By November 2020, minor had been rejected from six placements and probation was having challenges finding a placement for minor. Minor had been accepted at a group home at the end of November 2020, but the placement was delayed because minor

was suicidal. Two weeks later, minor was still on suicide watch; however, on January 19, 2021, minor was placed in another group home in Riverside.

Less than a month later, on February 7, 2021, minor left the group home. The next day, a probation violation petition was filed, and an arrest warrant was issued for his arrest. Minor was arrested five days later. While in placement, minor refused to comply with the rules and regulations of placement, had threatened to knife other residents, and had brought alcohol into placement. His defiant behavior continued while in juvenile hall. He failed to follow staff directives, failed to attend school, yelled out of his room, disrespected staff and his teachers, isolated himself in his room, hit another youth, cussed excessively, and displayed poor peer interactions.

On July 27, 2021, minor admitted to violating probation. The probation department recommended that minor be committed to Secure Youth Treatment Facility (SYTF), Gateway to ARISE Program. SYTF provides family reunification services and programs similar to placement homes. The probation officer explained that minor would benefit from several programs at SYTF, including, but not limited to, Aggression Replacement Training, anger management, art therapy, dog therapy, community resiliency model, courage to change, and family therapy. Minor's counsel objected to placement at a secured facility, while the People supported the probation department's recommendation

On October 4, 2021, the juvenile court requested probation to assess placement of minor at his father's house in Texas, and his aunt's home in Hesperia. After the family

assessments, the probation department continued to recommend SYTF, but found both homes had "potential for the youth's rehabilitation if he is sincere in his desire to comply with future terms and conditions of probation and his counseling needs." Minor's probation officer again counseled minor to change his behavior and discussed his expectations. Minor acknowledged his expectations and indicated he understood what was required of him.

Nonetheless, on November 8, 2021, minor was involved in a "Code Red" incident. Specifically, minor became agitated and refused to follow directives to step back from his room door's entry. When staff pushed minor backward into the room to create distance to allow them to close his room door, minor grabbed the staff and pulled the staff into the room entry way. After the staff delivered two hand strikes to his facial area, minor complied with getting down on the floor, but continued to threaten to assault staff and kill himself. And the prior day, minor became enraged and attempted to fight another youth. Minor continued his negative behaviors in December 2022.

Following a contested dispositional hearing, on December 22, 2021, the juvenile court ordered minor placed at SYTF. The court found that a less restrictive alternative was not suitable for minor, that previous attempts to rehabilitate minor had not been successful, and that the programs offered at SYTF were appropriate to meet minor's needs. Minor timely appealed.

DISCUSSION

Minor contends the dispositional order must be vacated and the matter remanded to the juvenile court because the amendments to section 875 apply retroactively to him and the new law does not allow him to be committed to SYTF as he was 12 years old when the offenses were committed. The People agree minor was 12 years old at the time he committed his offenses, but contend the new law applies prospectively because the new law "does not impose a lighter penalty; it merely limits where certain juvenile delinquents may be rehabilitated."

We need not decide the issue of whether the amendments to section 875 apply retroactively because minor's juvenile action was dismissed on December 16, 2022, and he was placed in the custody of his father in Texas. "It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue. [Citation.]" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.) "'"[A]s a general rule it is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition. . . ."'" [Citation.]" (*Id.* at p. 1490.)

Because minor is no longer subject to the jurisdiction of the juvenile court, this appeal challenging the retroactivity of the amendments to section 875 and the juvenile court's placement of minor to SYTF cannot benefit him to any degree. Therefore, this

appeal is moot.  We decline to exercise our discretion to decide the challenged issue in this case notwithstanding its mootness because the issue raised herein is not "'capable of repetition yet likely to evade review.'  [Citation.]" (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 654.)

## IV.

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

RAMIREZ _____
        P. J.

McKINSTER _____
        J.